# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

Case Nos. 22-2231; 22-2232
22-2414; 22-2415; 22-2538; 22-2557

ERNEST BERARDI
Appellant
v.

USAA GENERAL INDEMNITY COMPANY
Appellee

SAMANTHA SMITH
Appellant
v.

USAA CASUALTY INSURANCE COMPANY
Appellee

Appeal from June 10, 2022 Order and Memorandum of the Honorable Michael M. Baylson, of the United States District Court for the Eastern District of Pennsylvania, No. 2:22-cv-813

ISIAH JONES
Appellant
v.

GEICO CHOICE INSURANCE COMPANY
Appellee

MICHAEL PURCELL
Appellant
v.

GEICO CASUALTY INSURANCE COMPANY
Appellee

Appeal from July 27, 2022 Order and Opinion and August 15, 2022 Order of the Honorable Gene E.K. Pratter of the United States District Court for the Eastern District of Pennsylvania, Nos. 2:22-cv-558 and 2:22-cv-825 dismissing the Complaint

---

## REPLY BRIEF OF APPELLANTS

---

HAGGERTY, GOLDBERG, ET AL.
JAMES C. HAGGERTY, Esquire
PA Attorney I.D. # 30003
1801 Market Street, Suite 1100
Philadelphia, PA  19103
(267) 350-6600

SHUB LAW
JONATHAN SHUB, Esquire
PA Attorney I.D. # 53965
134 Kings Highway East, 2nd Floor
Haddonfield, NJ  08033
(856) 772-7200

SCHMIDT KRAMER, P.C.
SCOTT B. COOPER, Esquire
PA Attorney I.D. #70242
209 State Street
Harrisburg, PA  17101
(717) 232-6300

JACK GOODRICH & ASSOCIATES
JOHN P. GOODRICH, Esquire
PA Attorney I.D. #49648
429 Fourth Avenue
Pittsburgh, PA  15291
(412) 261-4663

# TABLE OF CONTENTS

| | | | Page |
|---|---|---|---|
| **Argument**............................................................ | | | 1 |
| (a) | Overview....................................................... | | 1 |
| (b) | Irrefutable Facts............................................. | | 2 |
| (c) | Position of USAA and GEICO............................ | | 6 |
| (d) | Household Versus Non-Household Policies.............. | | 8 |
| (e) | No Inter-Policy Stacking Benefit Exists.................. | | 10 |
| (f) | Justification of Stacking Premium Charges.............. | | 11 |
| | (1) | Generally................................................ | 11 |
| | (2) | Purchase of Another Vehicle......................... | 11 |
| | (3) | New Member Household.............................. | 13 |
| (g) | Conclusion.................................................... | | 14 |
| Certificate of Compliance...................................................... | | | 18 |
| Certificate of Service........................................................... | | | 22 |

Date Filed: 01/09/2023     Page: 3     Document: 41     Case: 22-2231

# TABLE OF CITATIONS

<u>Craley v. State Farm</u>, 895 A.2d 530 (Pa. 2006)................................4,6,15

<u>Generette v. Donegal</u>, 957 A.2d 1180 (Pa. 2008)...............................passim

<u>In Re: Insurance Stacking Litigation</u>, 754 A.2d 702 (Pa. Super. 2000)...1,3,6,10,15

## STATUTES

75 Pa.C.S.A. § 1701.............................................................. 2

75 Pa.C.S.A. § 1702.............................................................. 7,9

## TREATISES

*A Latin Dictionary*, Charlton T. Lewis and Charles Short.........................13

Case: 22-2231     Document: 41     Page: 4     Date Filed: 01/09/2023

# ARGUMENT

## (a)    Overview

In these cases, the insurers, USAA General Indemnity Company, USAA Casualty Insurance Company ("USAA"), GEICO Choice Insurance Company and GEICO Casualty Company ("GEICO") miss the point. The only issue in this case is as follows:

> *What is the impact of <u>Generette v. Donegal</u>, 957 A.2d 1180 (Pa. 2008) upon the decision of the Insurance Commissioner in the <u>In Re: Insurance Stacking Litigation</u>, 754 A.2d 702 (Pa. Super. 2000)?*

In attempting to address this issue, USAA and GEICO, along with the District Court, fail to understand stacking concepts and misinterpret the law in Pennsylvania. USAA and GEICO confuse intra-policy stacking and inter-policy stacking concepts. Initially, USAA and GEICO acknowledge that the policies issued to Ernest Berardi, Samantha Smith, Isiah A. Jones, III and Michael Purcell, Jr. provide no stacking coverage benefit to single vehicle policyholders who live alone absent a material change in circumstances, namely: (1) acquiring another vehicle (intra-policy stacking); or (2) having a relative with an insured vehicle take up residence in the household of the home of the named insured (inter-policy stacking).[1] As currently

---

[1] Interestingly, all agree that the only possible justification for the additional premium would be in the context of inter-policy stacking since there is no intra-policy stacking under a single

1

Case: 22-2231    Document: 41    Page: 5    Date Filed: 01/09/2023

written, in the current factual context, the policies issued by USAA and GEICO provide no stacking coverage benefit. The position of USAA and GEICO is based upon a profound inability to understand: (1) stacking law under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. § 1701 et seq. ("MVFRL"); and (2) the essential nature of insurance contracts. In an attempt to justify their additional premium charge for the non-existent stacking coverage benefit, USAA and GEICO create a series of hypothetical situations where coverage could attach, if the Plaintiffs' circumstances materially change. However, the truth remains that absent a material change in the lives of the Plaintiffs, which is unlikely, the Plaintiffs will continue to pay a premium for this non-existent stacking coverage benefit while USAA and GEICO reap a windfall. The District Court, unfortunately, adopted the insurers' arguments. It remains for this Court to correct that wrong.

**(b)     Irrefutable Facts**

There are certain irrefutable facts which must be understood in order to properly analyze the insurance coverage dispute in the case at bar. These irrefutable facts are as follows:

---

vehicle policy. By injecting an intra-policy hypothetical, the insurers demonstrate their lack of understanding of the issues in this case.

2

- The MVFRL requires insurers to give all named insureds the option to purchase or waive stacking of uninsured motorist ("UM") and underinsured motorist ("UIM") coverages;

- If a named insured rejects stacking, the insurer is required to: (1) issue a policy with unstacked coverage; and (2) charge a lesser premium than charged for a premium with stacked coverage;

- If a named insured elects stacking, the insurer is required to: (1) issue a policy with stacked coverage; but (2) is *not* required to charge a higher premium for that stacking benefit;

- In In Re: Insurance Stacking Litigation, 754 A.2d 702 (Pa. Super. 2000), the Plaintiffs challenged the propriety of charging an additional premium for stacking under the MVFRL for a single vehicle policy;

- In In Re: Insurance Stacking Litigation, the Insurance Commissioner determined that there was only an inter-policy stacking coverage benefit under a single vehicle policy (but no intra-policy stacking benefit) which justified the charge of the additional premium for stacking by the insurer;

- In In Re: Insurance Stacking Litigation, the Insurance Commissioner considered only the existence of an inter-policy stacking coverage benefit, acknowledging that under a single vehicle policy there could be no intra-policy stacking coverage benefit;

- In In Re: Insurance Stacking Litigation, the Insurance Commissioner determined that there were two situations where an inter-policy stacking benefit existed for the single vehicle policyholder, namely:

  - Where the named insured resides with relatives who have insured vehicles under which the named insured may also recover UM and UIM benefits (household vehicles)[2]; and

---

[2] This stacking coverage benefit only exists if the named insured resides with relatives who have insured vehicles. See, e.g. discussion regarding the aleatory nature of insurance contracts set forth in the original Brief of the Appellants. Only if Berardi, Smith, Jones and Purcell materially change their living arrangements would a stacking coverage benefit exist. As such,

3

- Where the named insured is the guest passenger in a vehicle of another person such as a friend or an employer, which is not insured under any household policy (non-household vehicles)[3];

- In <u>Craley v. State Farm</u>, 895 A.2d 530 (Pa. 2006), the Supreme Court endorsed the decision of the Insurance Commissioner confirming that these two inter-policy stacking situations justified the additional premium for stacking under a single vehicle policy;

- In <u>Generette v. Donegal Mutual Insurance Company</u>, 957 A.2d 1180 (Pa. 2008), the Supreme Court changed the law, determining that the latter

---

the policies, as currently constituted, provide no stacking coverage benefit.

[3] This stacking coverage benefit is real and justified the additional premium charge for stacking under a single vehicle policy in the pre-<u>Generette</u> world. This is the aleatory nature of an insurance policy; a fortuitous event triggers an existing coverage benefit. Prior to <u>Generette</u>, guest passenger dual recovery was an inter-policy stacking benefit. Thus, prior to <u>Generette</u>, if Berardi, Smith, Jones or Purcell experience a fortuitous event, i.e. an auto accident while a guest passenger in another's vehicle, there would be a stacking coverage benefit triggered, consisting of the right of dual recovery in the guest passenger situation. Prior to <u>Generette</u>, the single vehicle named insured with stacking, if injured while occupying a friend's car or an employer's vehicle, by electing stacking, had purchased the right for dual recovery (inter-policy stacking) of UM/UIM benefits under the vehicle he/she was occupying and under his/her own vehicle when he/she elected stacking. There did not need to be any material change in the circumstances of their lives for the available coverage to be triggered. Prior to <u>Generette</u>, a real coverage benefit existed which is paid upon the happening of a fortuitous event, e.g. the auto accident. The same is not true in the post-<u>Generette</u> world. After <u>Generette</u>, if the single vehicle named insured was involved in an accident while a passenger in another's vehicle, he/she could still recover UM/UIM benefits under the host vehicle policy and under his/her own policy regardless of any stacking election. Since <u>Generette</u> this dual recovery is no longer a stacking benefit. The only inter-policy stacking benefit now would be dual recovery under his/her own policy and the policy insuring the vehicle of a resident relative. If there are no resident relative policies, there is no stacking benefit. A stacking benefit would only exist if the named insured materially changed his/her living arrangements. This is simply not how an insurance policy – an aleatory contract – works. Having a relative move in to the named insured's household is not a fortuitous event which triggers coverage.

4

justification, i.e. the guest passenger situation, was not, in fact, stacking but rather merely priority of recovery under § 1733 of the MVFRL;

- In Generette v. Donegal Mutual Insurance Company, the Supreme Court determined that stacking concepts only apply to household policies, namely, policies issued to the named insured or resident relatives of the named insured;

- After Generette v. Donegal Mutual Insurance Company, the only justification – an inter-policy stacking justification -- for the charge of an additional premium for stacking under a single vehicle policy is the ability to recover under another household policy;

- Auto insurers in Pennsylvania, in underwriting and issuing auto policies under the MVFRL, gather information from the named insured regarding other persons and policies in the household;

- Auto insurers in Pennsylvania in underwriting and issuing auto policies under the MVFRL are aware of the existence or non-existence of other policies in the household at the time auto policies are issued under the MVFRL;

- Auto insurers in Pennsylvania, therefore, are aware that single vehicle policies issued to named insureds who live alone provide no inter-policy stacking coverage benefit;

- Auto insurers in Pennsylvania, nonetheless, continue to charge an additional premium for stacking for policies issued to single vehicle policyholders who live alone.

These facts are irrefutable. USAA and GEICO are either unable to understand these facts or simply refuse to accept them. This same affliction plagued the District Court. As a result, the District Court erred in dismissing the Complaints.

**(c)     Position of USAA and GEICO**

USAA and GEICO miss the point in addressing the issues in this case. USAA's Brief, in fact, supports the position of the Plaintiffs.  On Page 12 of its Brief, USAA quotes Craley v. State Farm, supra., for the proposition that single vehicle policyholders have a real inter-policy stacking benefit, citing the following from that decision:

> Single vehicle policyholders could obtain a real benefit from the provision of stacking in at least two situations: (1) where the insured is injured in his own vehicle insured with uninsured motorist coverage and is also covered as an insured under another policy providing uninsured motorist benefits [inter-policy stacking]; and (2) where the individual is injured in a vehicle other than his own insured vehicle and is an insured under the non-owned vehicle's policy, which also has uninsured motorist coverage (such as an employer's vehicle) [inter-policy stacking].

Brief of Appellee, USAA, at p. 12.[4]  GEICO quotes the same passage.  Brief of Appellee, GEICO, at p. 13.  Like the Insurance Commissioner in In Re: Insurance Stacking Litigation, supra. the Supreme Court in Craley noted that there are two situations where, ***under the law at that time***, an inter-policy stacking benefit existed which justified the additional premium for stacking, namely: (1) dual

_____

[4]  The use of the words "*at least*" is unfortunate since these are the "*only two*" situations where an inter-policy stacking benefit exists.  Recall that inter-policy stacking is the cumulation of coverages between multiple policies.  The only situations where this can arise are the two cited by Craley, namely: (a) multiple household policies; and (b) a household policy and a non-household policy.  There are no others.  There are no other dual recovery situations.  None.  See discussion, re: the use of the terms "*household*" and "*non-household*" infra.

6

recovery under multiple household policies; and (2) dual recovery under a household policy and a non-household policy.[5] At the time <u>Craley</u> was decided, that was the law in Pennsylvania.

USAA then goes on to acknowledge that "<u>Generette</u> involved a change to Pennsylvania stacking laws". Brief of Appellee, USAA, at p. 15. GEICO agrees. USAA then further admits that the change in stacking laws involved the guest passenger situation, namely the dual recovery under a household policy and a non-household policy:

> The Supreme Court of Pennsylvania held that the injured guest passenger's recovery under her Donegal UIM policy was not barred by her waiver of stacking because stacking concepts only applied to individuals who meet the definition of "an insured as defined by § 1702, which does not include guest passengers." <u>Id</u>. at 1190.

> The holding in <u>Generette</u> is simple and not disputed by USAA GIC or USAA CIC. As a result of <u>Generette</u>, single vehicle policyholders do not obtain a benefit of stacking when they are only guest passengers (and not insureds) in another vehicle. <u>Id</u>.

Brief of Appellee, USAA, at pp. 15-16. Exactly. ***Generette changed Pennsylvania law***. The guest passenger situation was eliminated as an inter-policy

---

[5] The terminology "*household*" and "*non-household*" is used since the term "*insured*" is defined by the MVFRL as the named insured and resident relatives. See 75 Pa.C.S.A. § 1702. Thus, inter-policy stacking could, at that time before <u>Generette</u>, involve the cumulation of coverages of two household policies or the cumulation of coverages of one household policy and one non-household policy. <u>Generette</u> went on to limit stacking to the household policies alone.

Case: 22-2231    Document: 41    Page: 11    Date Filed: 01/09/2023

stacking benefit.[6] Thus, the only inter-policy stacking benefit available to a single vehicle policyholder is recovery under multiple household policies, namely under policies where the individual is an insured. If the single vehicle policyholder lives alone with no other policies in the household, ***then there is no inter-policy stacking benefit***. That is the point. USAA and GEICO knew when charging an additional premium to the Plaintiffs for stacking that no stacking benefit was being provided. To assert that a stacking benefit exists is either ignorance or deception.[7]

### (d)    <u>Household versus Non-Household Policies</u>

USAA and GEICO, as did the District Court, attack the use of the terminology "*household*" versus "*non-household*" in the Brief of the Plaintiffs. In this case, the Plaintiffs utilize this terminology in order to reflect the definition of "*insured*" in the MVFRL and the holding in <u>Generette</u>. The use of the terminology was designed to simplify stacking concepts so that USAA, GEICO and the District Court could more easily understand.[8] Apparently, this effort by the Plaintiffs was

---

[6]  Recall that all parties who previously addressed this issue – the insureds, the insurer, the Insurance Commissioner and the Supreme Court – looked only to inter-policy stacking to justify an additional premium charged for stacking under a single vehicle policy. Since a single vehicle policy insures only one car, there could be no intra-policy stacking benefit.

[7]  It is the plaintiffs' sincere hope that it is the former, ignorance, not the latter, deception.

[8]  Stacking law in Pennsylvania is far from easy or simple. The Plaintiffs therefore sought in their Brief to provide the historical development of stacking while simplifying the concepts so that those unfamiliar with this area of the law could better understand.

unsuccessful. USAA, GEICO and the District Court failed miserably in their attempts to understand stacking concepts.

USAA readily acknowledges that <u>Generette</u> actually did distinguish between household and non-household policies when it stated:

> Rather, <u>Generette</u> distinguished between policies for which a plaintiff fits the definition of "insured" under the MVFRL and policies for which a plaintiff does not.

Brief of Appellee, USAA, at p. 16. This is exactly the "household" and "non-household" distinction. The MVFRL defines insured as: (1) the named insured; and (2) resident relatives of the named insured. 75 Pa. C.S.A. § 1702. In other words, insureds are persons residing in the named insured's household. According to <u>Generette</u>, stacking concepts are limited to insureds as defined by the MVFRL. Thus, stacking is limited to policies issued to relatives residing with the named insured, i.e. household policies. Stacking concepts do not apply to dual recovery in the guest passenger situation, namely dual recovery under a non-household policy and a household policy. Is this so hard to understand? Apparently it must be since USAA, GEICO and the District Court failed to grasp this concept.[9]   Inter-policy stacking involves only household policies. To contend

---

[9]  The post-<u>Generette</u> cases cited by USAA suffer from the same failure to comprehend stacking law in Pennsylvania. Failure to understand stacking law appears to be a common dysfunction in

otherwise is to put one's head in the sand. USAA, GEICO and the District Court did just that.

### (e)    <u>No Inter-Policy Stacking Benefit Exists</u>

Stacking is the cumulation of coverages to increase the potential pool of recovery. Stacking thus includes multiple coverages under a single policy, i.e. intra-policy stacking, or multiple coverages under multiple vehicles, i.e. inter-policy stacking. Even USAA and GEICO concede that there is no intra-policy stacking benefit under a single vehicle policy.[10] The only stacking benefit, then, for a single vehicle policy can only be within the context of inter-policy stacking. USAA and GEICO further concede that inter-policy stacking can only involve insureds. Insureds are defined as being limited to the named insured and resident relatives, i.e. household members. Stacking does not include the guest passenger situation, whether it be the policy covering a friend's vehicle, the policy covering an employer's vehicle or any policy covering a vehicle not owned by an insured. USAA and GEICO thus concede that inter-policy stacking can only apply to

the Courts in the post-<u>Generette</u> world.

[10]  They have no choice. In the <u>In Re: Insurance Stacking Litigation</u> case, the Insurance Commissioner was asked to determine whether there as any justification for a stacking premium under a single vehicle policy. The Commissioner looked only to a potential inter-policy benefit, realizing and recognizing that there could be no intra-policy stacking benefit under a single vehicle policy.

multiple household policies after <u>Generette</u>. USAA may be correct when it states that the present matter "is not overly complex." If this is so, it is truly puzzling that USAA, GEICO and the District Court appear to be able to grasp these "not overly complex" concepts.

### (f)  **Justification of Stacking Premium Charges**

#### (1)  **Generally**

USAA and GEICO acknowledge that the policies issued to the Plaintiffs, as they currently stand in the current factual context, provide no inter-policy stacking benefit. So how do USAA and GEICO justify the additional premium charge for stacking? It is easy: simply create materially different scenarios where a stacking coverage benefit does exist and pretend that is the situation in the cases at bar. This is all well and good; however, non-existent facts can always be created to justify a result. That is exactly what USAA, GEICO and the District Court did. Let us examine the hypothetical scenarios relied upon by USAA and GEICO to justify their position.

#### (2)  **Purchase of Another Vehicle**

USAA and GEICO posit that the Plaintiffs could purchase another vehicle and thus stacking could exist under the policy. Somewhat surprisingly, they posit an intra-policy stacking situation – where all agree that there is no and can be no intra-

Case: 22-2231     Document: 41     Page: 16     Date Filed: 01/09/2023

policy stacking justification for the additional premium charge.[11]   USAA and GEICO have already conceded that there is no intra-policy stacking benefit under a single vehicle policy.   Further, the Insurance Commissioner and the Courts have agreed that there is no intra-policy stacking benefit under a single vehicle policy. The policies at issue provide no stacking coverage benefit.   There is no intra-policy stacking benefit.   The only focus is upon the existence of an inter-policy stacking benefit and the impact of <u>Generette</u> upon that analysis.

Even though this hypothetical involves intra-policy stacking concepts, let's examine this hypothetical further.   Assume that the named insured does acquire another vehicle four months into the six month policy term.   Under this example, USAA and GEICO still have charged an additional premium for four months for coverage that did not exist.   Wouldn't it be better if the Plaintiffs were charged the unstacked UM/UIM premium for the first four months with the insurers only increasing the premium to the stacked rate when the new car was acquired and added to the policy. This is exactly how it is done with liability and collision coverages – the premium for these coverages is only added to the policy when the new vehicle is added to the policy.   If this were done, there would be no unfair windfall to USAA

---

[11]   See notes 6 and 10, <u>supra</u>. and accompanying text.

and GEICO and the Plaintiffs would not be paying for a non-existent coverage benefit. Again, the position of USAA and GEICO proves the Plaintiffs' point. USAA and GEICO, like the District Court, simply fail to understand stacking concepts.

This justification of USAA and GEICO for the additional premium for stacking stands the essential nature of an insurance policy on its head. An insurance policy provides coverage benefits which may be triggered by a fortuitous event. If Berardi, Smith, Jones or Purcell were in an accident (the fortuitous event), they would not be able to stack under their policies as currently constituted. Why? No stacking benefit exists. The fortuitous event had no coverage benefit to trigger. That is the aleatory nature of an insurance policy.[12] There must be an existing coverage benefit to be triggered. If Berardi, Smith, Jones or Purcell were in an accident, they could not trigger any stacking benefit. Why? They live alone. The justification for the stacking premium proffered by USAA and GEICO fails miserably.

### (3)    New Household Member

USAA and GEICO posit as a justification for a stacking premium the hypothetical where the Plaintiffs may have a relative, who owns an insured vehicle,

---

[12] The term aleatory comes from the Latin word "alea" meaning "dice", as generally in a game of chance. See *A Latin Dictionary*, Charlton T. Lewis and Charles Short.

move into their households. If that occurred, a stacking coverage benefit would exist. But what are the chances of this happening? Is there any reason to believe that this would ever occur? The reality is that the Plaintiffs live alone and will continue to do so. As a result, they will continue to pay a premium for a non-existent coverage. USAA and GEICO think that is fair. It is not.

This hypothetical suffers from the same fatal flaws as the first. A coverage benefit must exist to be triggered. Here, the policies as written, and issued to a single vehicle policyholder who lives alone, provide no stacking coverage benefit. There is no stacking coverage benefit to trigger. It does not exist. So, USAA and GEICO say that it might exist if the material circumstances change. But the circumstances have not changed. They are not expected to change. But absent that change, there is no stacking coverage benefit. Absent a material change in the lives of the Plaintiffs, there is no stacking coverage benefit. The policies currently provided no stacking coverage benefit. Nonetheless, Berardi, Smith, Jones and Purcell are paying for it.

**(g)** **Conclusion**

The issue in the present case, when analyzed within the context of stacking law, yields only one result – USAA and GEICO are charging a premium for a non-existent stacking coverage benefit. The actual facts are as follows:

- In <u>In Re: Insurance Stacking Litigation</u>, the Insurance Commissioner determined that an inter-policy stacking benefit, alone, justified the additional stacking premium under a single vehicle policy;

- In that case, the Insurance Commissioner determined that there were two inter-policy stacking situations which justified the premium for a stacking coverage benefit under a single vehicle policy;

- In <u>Craley v. State Farm</u>, the Supreme Court endorsed those conclusions;

- Later, in <u>Generette v. Donegal</u>, the Supreme Court found that the second justification for the stacking premium, namely, dual recovery under a guest passenger policy and a household policy was not, in fact, stacking;

- After <u>Generette</u>, the only justification for a stacking premium under a single vehicle policy was the ability to recover under another policy issued to an insured in the household;

- If the single vehicle policyholder lives alone and does not own any other cars, then the policy provides no stacking coverage benefit;

- The policies issued to the Plaintiffs, single vehicle policyholders who live alone, provide no stacking coverage benefit;

- USAA and GEICO are nonetheless charging a premium for a stacking coverage benefit under the policies issued to the Plaintiffs.

These facts are incontrovertible. These facts pose a dilemma to auto insurers in Pennsylvania. That conundrum can only be remedied by the solution outlined in the original Brief of the Plaintiffs, that is, ***charge the single vehicle policyholder who elected stacking the non-stacked premium until their circumstances change, with such a change creating the coverage benefit that could be triggered by an auto***

15

***accident.*** USAA, GEICO and the District Court either fail to understand the situation or refuse to accept it. The District Court erred. As a result, a grave injustice has been rendered to the Plaintiffs. This Court should not endorse that injustice. The MVFRL never contemplated that an insurer could or should charge a premium for a non-existent stacking coverage benefit. The decisions of the District Court should be reversed.

Respectfully,

HAGGERTY, GOLDBERG,
SCHLEIFER & KUPERSMITH, P.C.

BY: /s/James C. Haggerty
JAMES C. HAGGERTY, Esquire
PA Attorney I.D. # 30003
1801 Market Street, Suite 1100
Philadelphia, PA 19103
(267) 350-6600
FAX (215) 665-8201

SCHMIDT KRAMER P.C.

BY: /s/ Scott Cooper
SCOTT B. COOPER, Esq.
PA Attorney I.D. # 70242
209 State Street
Harrisburg, PA 17101
(717) 232-6300

SHUB LAW

BY: /s/Jonathan Shub
JONATHAN SHUB, Esquire
PA Attorney I.D. # 53965

134 Kings Highway East, 2nd Floor
Haddonfield, NJ  08033
(856) 772-7200

JACK GOODRICH & ASSOCIATES

BY: /s/ Jack Goodrich
JOHN P. GOODRICH, ESQUIRE
PA ATTORNEY I.D. #49648
429 Fourth Avenue
Pittsburgh, PA  15219
(412) 261-4663

Attorneys for Plaintiff/Appellant

17

## CERTIFICATE OF COMPLIANCE

In accordance with the Local Rules of Appellate Procedure for the United States Court of Appeals for the Third Circuit, Rule 28.3(d), counsel for the Appellants hereby certifies that they are members of the bar of the United States Court of Appeals for the Third Circuit.

Pursuant to the Federal Rules of Appellate Procedure, Rule 32(a)(7)(C), counsel for the Appellants certify that this Reply Brief complies with the type-volume limitation of Rule 32(a)(7(B) of the Federal Rules of Appellate Procedure because this Reply Brief contains 3,894 words (not to exceed 6,500), excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii) of the Federal Rules of Appellate Procedure.

Counsel for the Appellants certify that this Brief complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure because this brief has been prepared in a proportionally spaced typeface using the 2021 version of Microsoft Word in 14 point Times New Roman font.

Counsel for the Appellants certify that this Brief complies with the service requirements of the Local Rules of Appellate Procedure for the United States Court

of Appeals for the Third Circuit, Rule 31.1(a), because counsel for the Appellee,

has consented to electronic service pursuant to Local Rules of Appellate Procedure

for the United States Court of Appeals for the Third Circuit, Rule, 31.1(d).

Counsel for the Appellants certify that this Brief complies with the

electronic filing requirements of the Local Rules of Appellate Procedure for the

United States Court of Appeals for the Third Circuit, Rule 31.1(c), because the text

of this electronic brief is identical to the text of the paper copies, and the Symantec

antivirus corporate version 2021 has been run on the file containing the electronic

version of this Brief and no viruses have been detected.

HAGGERTY, GOLDBERG,
SCHLEIFER & KUPERSMITH, P.C.

BY: _/s/ James C. Haggerty_
JAMES C. HAGGERTY, Esquire
PA Attorney I.D. # 30003
1801 Market Street, Suite 1100
Philadelphia, PA  19103
(267) 350-6600
FAX (215) 665-8201

SCHMIDT KRAMER P.C.

BY: _/s/ Scott Cooper_
SCOTT B. COOPER, Esq.
PA Attorney I.D. # 70242
209 State Street
Harrisburg, PA 17101
(717) 232-6300

SHUB LAW

BY:     /s/Jonathan Shub
JONATHAN SHUB, Esquire
KEVIN LAUKAITIS, Esquire
PA Attorney I.D. # 53965
134 Kings Highway East, 2nd Floor
Haddonfield, NJ  08033
(856) 772-7200


JACK GOODRICH & ASSOCIATES

BY:  /s/ Jack Goodrich
JOHN P. GOODRICH, ESQUIRE
PA ATTORNEY I.D. #49648
429 Fourth Avenue
Pittsburgh, PA  15219
(412) 261-4663


Attorneys for Plaintiff/Appellant

## CERTIFICATE OF SERVICE

James C. Haggerty, Esquire, hereby certifies that a copy of the Reply Brief

was served on the date noted below via electronic filing and first class mail,

addressed as follows:

The Honorable Michael M. Baylson, Senior Judge
United States District Court for
The Eastern District of Pennsylvania
3810 U.S. Courthouse
601 Market Street
Philadelphia, PA  19106

Robert Dapper, Esquire
Lyle Washowich, Esquire
Dan Twilla, Esquire
Burns White
Burns White Center
48 26th Street
Pittsburgh, PA  15222

Kymberly Kochis, Esquire
Eversheds & Sutherland
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, NY  10036-7703

Date:  1/9/23

HAGGERTY, GOLDBERG,
SCHLEIFER & KUPERSMITH, P.C.

BY:  /s/ James C. Haggerty
JAMES C. HAGGERTY, Esquire
PA Attorney I.D. # 30003
1801 Market Street, Suite 1100
Philadelphia, PA  19103

21

(267) 350-6600
FAX (215) 665-8201